UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KINTETSU WORLD EXPRESS (U.S.A.), INC., Plaintiff, -v- DIALECTIC DISTRIBUTION LLC, Defendant. | 21-CV-9579 (JPO) OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

Kintetsu World Express (U.S.A.), Inc. ("KWE") brings this action against Dialectic

Distribution LLC ("Dialectic") for breach of contract and unjust enrichment.  Before the Court is

Dialectic's motion to dismiss the case under Federal Rules of Civil Procedure 12(b)(2) and

12(b)(1) for lack of personal and subject matter jurisdiction, or in the alternative, for *forum non*

*conveniens*.  (Dkt. No. 19, also filed at Dkt. No. 11.)  For the reasons that follow, Dialectic's

motion is denied.

I.      **Background**

The following facts are drawn from KWE's complaint (Dkt. No. 1; "Compl.") and

assumed true for the purposes of this motion.

KWE is a California corporation with its principal place of business in Jericho, New

York that provides end-to-end logistics and distribution services around the world.  (Comp. ¶ 1-

2.)  Dialectic is a New Jersey corporation with its principal place of business in New Jersey.

(Compl. ¶ 3.)  Dialectic's LLC has one member, Zachary Zelter, who is also a citizen of New

Jersey, and is in the business of selling and distributing merchandise such as consumer

electronics.  (Compl. ¶¶ 3-6.)  KWE alleges that from May through August 2020, Dialectic

contracted with KWE to handle logistics, for which KWE invoiced Dialectic $2,258,897.79. (Compl. ¶¶ 10-11.)  Dialectic did not pay KWE's invoices.  (Compl. ¶¶ 12-14.)

KWE then asserted a carrier's lien on some of the goods of Dialectics that KWE had in its possession, and together KWE and Dialectics memorialized a payment plan in a written agreement through which Dialectic promised to pay KWE the amount past due.  (Compl. ¶¶ 18-20.)  This agreement contained a forum selection clause stating that "all litigation arising out of this payment agreement shall be brought in a federal or state court in New York and in no other place."  (Dkt. No. 1-1 at 2.)  Dialectic made the first payment of $250,000, after which KWE released the goods in its possession.  (Compl. ¶ 21.)  Dialectic then ceased paying KWE, which under the terms of the agreement, constituted a default and rendered the remainder immediately due.  (Compl. ¶¶ 22-23.)  KWE applied any "unallocated payments" from Dialectic to the outstanding balance, and now KWE alleges that Dialectic owes $1,638,897.79 in principal, plus prejudgment interest and its counsel fees and costs in this action, pursuant to the agreement between KWE and Dialectics.  (Compl. ¶¶ 15-16.)  This recitation of the agreement accords with the copy that KWE attached to its complaint.  (*See* Dkt. No. 1-1.)

## II.      Legal Standard

### A.      Rule 12(b)(1)

Rule 12(b)(1) requires that a claim be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists."  *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003).  When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true but

does not presume the truthfulness of the complaint's jurisdictional allegations.  *Frisone v. Pepsico, Inc.*, 369 F. Supp. 2d 464, 470 (S.D.N.Y. 2005).

### B.      Rule 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)).  Where, as here, there has been no "full-blown evidentiary hearing on the motion, the plaintiff need make only a *prima facie* showing of jurisdiction."  *Id.* (quoting *Bank Brussels*, 171 F.3d at 784).  At this "preliminary stage," a *prima facie* showing sufficient to defeat a Rule 12(b)(2) motion "may be established solely by allegations" pleaded in good faith.  *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) (per curiam) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).  The allegations, though, must be more than "conclusory statement[s]"; rather, they must state specific "facts supporting th[e] conclusion" that jurisdiction is proper.  *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998).

## III.    Discussion

### A.      Rule 12(b)(1)

Dialectic contends that this Court lacks subject matter jurisdiction as a result of New York Business Corporation Law ("BCL") § 1314(b), because it is an action between two foreign corporations.  This argument is meritless.  BCL is a New York state law; this is a Federal Court.  Nor is KWE a foreign corporation; KWE alleges that its principal place of business is in New York.  *See* 28 U.S.C. § 1332(c)(1).  KWE alleges complete diversity between the parties and an amount in controversy in excess of $75,000.  This Court has subject matter jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).

B.      Rule 12(b)(2)

Dialectic also argues that this Court lacks personal jurisdiction under N.Y.C.P.L §§ 301 and 302.  This argument also lacks merit.  KWE does not ground personal jurisdiction over Dialectic in either of these statutes, but in the forum selection clause in the agreement between KWE and Dialectic.  (Compl. ¶ 8.)

Where a contract contains a valid forum selection clause, the parties have consented to the forum court's personal jurisdiction and "waive[d] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 64 (2013).  "A valid forum-selection clause should be given controlling weight in all but the most exceptional cases."  *Id.* at 63.  (alteration omitted) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 478 U.S. 22, 33 (1988)).

Dialectic's only relevant argument, therefore, is that the forum selection clause is invalid as the product of duress.

Courts in the Second Circuit evaluate the validity of a forum selection clause in a motion to dismiss using a four-part inquiry: (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive; (3) whether the claims and parties involved in the suit are subject to the forum selection clause.  *See Phillips v. Audio Active Ltd.,* 494 F.3d 378, 383 (2d Cir. 2007).  If the first three factors are met, the forum selection clause is "presumptively enforceable."  *Id.*  The resisting party must then rebut this presumption with a sufficiently strong showing that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."  *Id.* at 384 (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)).

4

Dialectic does not and cannot marshal an argument as to the first three factors. As to the first, Dialectic's CEO signed the agreement just below the forum selection clause and thus clearly knew of it. As to the second, the text of the forum selection clause is plainly mandatory. And as to the third, this dispute clearly arises from the agreement between the two parties.

Dialectic therefore relies wholly on its claim that the agreement containing the forum selection clause was the product of "economic duress." Specifically, Dialectic contends that it agreed to the relevant forum selection clause only because KWE withheld some of Dialectic's merchandise. (*See* Dkt. No. 19 at 17.)

To establish economic duress under New York law, a party must show (1) a threat that (2) was unlawfully made and (3) caused involuntary acceptance of contract terms (4) because the circumstances permitted no other alternative. *Interpharm, Inc. v. Wells Fargo Bank*, *Nat'l Ass'n*. 655 F.3d 136, 142 (2d Cir. 2011) (collecting authorities). In general, agreements governed by New York law "may be voided on grounds of economic duress only in 'extreme and extraordinary cases.'" *Davis & Assocs., Inc. v. Health Mgmt. Servs., Inc*., 168 F. Supp. 2d 109, 114 (S.D.N.Y. 2001).

This argument fails. KWE counters Dialectic's claim of economic duress by providing a 2017 agreement between Dialectic and KWE. (*See* Dkt. No. 14-1.) This agreement, signed by Dialectic's CEO, contains the following clause: "[c]lient grants KWE a security interest in any property of a client which is, has been, or will be KWE's possession or control, until full payment is made on any unpaid balance client owes KWE, and authorizes KWE to retain the property, or stop it in transit, to secure full payment." *Id.* In other words, this 2017 agreement authorized KWE to withhold Dialectic's goods when Dialectic failed to pay. As the court in *Interpharm* explained, "[a] threat to withhold performance that one is contractually obligated to

5

provide in order to compel the other party to submit to new demands can constitute a wrongful threat.  But a threat to exercise a legal right in pursuit of those same demands cannot."  (internal citations omitted.)  Dialectic's situation falls into the latter bucket.[1]  The forum selection clause is enforceable, and this Court has personal jurisdiction over Dialectic.

### C.    *Forum Non Conveniens*

Dialectic also moves to dismiss "on the grounds of forum *non conveniens.*"  (Dkt. No. 18 at 29.)

First, the Court notes that the common law doctrine of *forum non conveniens* is inapplicable to the present case.  28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented," displaced "the common law doctrine of *forum non conveniens* for transfers between United States district courts."  *Capital Currency Exch., N.V. v. Nat'l Westminster Bank PLC*, 155 F.3d 603, 607 (2d Cir. 1998).

Second, even if the Court were to construe Dialectic's motion to dismiss as a motion under § 1404(a) to transfer to the New Jersey District Court, it concludes that the standard under that statute is not satisfied.

Under § 1404(a), courts first evaluate whether the action could have been brought in the transferee forum.  *Berger v. Cushman & Wakefield of Pennsylvania, Inc.*, No. 12 Civ. 9224, 2013 WL 4565256, at *3 (S.D.N.Y. Aug. 28, 2013).  Then, the court examines whether "convenience and the interests of justice" warrant a transfer.  *Id.*  This inquiry is guided by

---

[1] Dialectic also did not file a reply brief, and thus waived its chance to respond to KWE's showing.

several factors, including (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of parties; (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses; (7) the relative means of the parties; (8) the forum's familiarity with the governing law; and (9) trial efficiency and the interests of justice.  *See New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)).

These factors weigh against transfer.  Dialectic argues that this action should be brought in New Jersey because of "the non-residency of the parties, the fact that the transaction out of which the lawsuit arose occurred primarily in a foreign jurisdiction, and the likelihood of hardship to the defendants."  (Dkt. No. 19 at 18.)  Dialectic's first point is false; KWE is a resident of the state of New York.  Dialectic's second point is also based on its mistaken contention that KWE is solely a resident of California.  (*See* Dkt. No. 19 (arguing that there is no injury in New York because the Plaintiff is a California corporation, despite KWE's principal place of business).)  And Dialectic offers no facts to support its claims of "hardship."

On the other side, both KWE's choice of forum and the forum selection clause support this Court's retention of jurisdiction.  "It is well settled that the plaintiff's choice of forum is given great weight."  *EasyWeb Innovations, LLC v. Facebook, Inc*., 888 F. Supp. 2d 342, 347 (E.D.N.Y. 2012).  This choice "will not be disturbed unless other factors weigh strongly in favor of transfer."  *Royal Ins. Co. of Am. v. United States*, 998 F. Supp. 351, 353 (S.D.N.Y. 1998).  Dialectic's arguments fall short of this standard.

**IV.      Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

Defendant shall file an answer to the complaint within 21 days after the date of this

opinion and order.

SO ORDERED.

Dated:  December 19, 2022
            New York, New York

_____
                          J. PAUL OETKEN
                     United States District Judge