# Rubenstein Business Law

305 Broadway, Suite 700
New York, NY 10007
Ph: 786-200-3237
Email: Drubenstein@RubensteinBusinessLaw.com
Website: www.RubensteinBusinessLaw.com

September 24, 2024

Hon. Magistrate Judge Jennifer E. Willis
United States Courthouse
40 Centre Street
New York, NY 10007

Re:     **<u>Kintetsu World Express (U.S.A.). Inc. v. Dialectic Distribution LLC</u>, 21-CV-9579**

Dear Judge Willis:

We represent Defendant Dialectic Distribution LLC ("Dialectic") in the above-referenced matter. We write in response to the letter from Plaintiff Kintetsu World Express (U.S.A.), Inc. ("KWEUSA") dated September 24, 2024, which concerns the scheduling of the deposition of Mr. Owen Green.

### 1. Dialectic's Position and Consistent Objections

Dialectic has maintained a consistent position regarding the deposition of Mr. Green. As we have repeatedly communicated, Mr. Green is not an employee of Dialectic and, as such, we object to his being produced for deposition under the current circumstances. The Court is aware of this position, as raised during the August 21 conference and reflected in the transcript (ECF Doc. 86). Despite our clarification at the conference that Mr. Green is not an employee of Dialectic, Plaintiff continues to insist on his deposition without providing any compelling reason for why it should proceed.

We would like to reiterate that, despite not being an employee of Dialectic, Mr. Green's deposition was conditionally scheduled to move the case forward. We have acted in good faith in complying with the Court's orders, but we cannot be compelled to produce a non-employee witness without proper legal basis. Even Plaintiff admits that Mr. Green's deposition was not required before October 11, 2024 and that the Court was considering Mr. Green's status as part of the September 4, 2024 submissions to the Court. Therefore, an adjournment of his deposition to allow the Court time to render a proper determination on the merits is proper.

### 2. Pending Resolution of the Dispute

Contrary to Plaintiff's assertion, the scheduling of Mr. Green's deposition is subject to the Court's resolution of the letter submissions (ECF Docs. 87 and 88). During the August 21 conference, the Court acknowledged that further consideration was required before any final determination on Mr. Green's

deposition could be made. The Court specifically allowed the parties to submit letters addressing the issues surrounding Mr. Green's status and availability, and indicated that a decision would be made after reviewing the submissions.

### 3. Clarification of Deposition Scheduling

The letter from Plaintiff misleadingly suggests that Dialectic is in default of its obligations. However, there was no express directive in the August 21 order (ECF Doc. 82) requiring Dialectic to produce Mr. Green before the resolution of the dispute outlined in the parties' letters. As such, we are not in violation of any Court order by deferring Mr. Green's deposition until this issue is clarified by the Court. Plaintiff's attempt to request sanctions is unwarranted and premature.

### 4. Plaintiff's Mischaracterization of the Meet and Confer Process

Plaintiff's letter also mischaracterizes the recent meet and confer process. During the September 23, 2024, discussions, counsel for Plaintiff repeatedly insisted on immediate production of Mr. Green despite our explanation that his status as a non-employee was still under review by the Court. We acted in full compliance with the Court's instructions and in line with the scheduling agreements reached at the conference.

### 5. Conclusion

We respectfully request that the Court deny Plaintiff's request for sanctions and decline to issue any further directives regarding Mr. Green's deposition until the Court has reviewed and ruled on the issues submitted by both parties in their letters. We are prepared to continue discussions regarding Mr. Green's availability should the Court determine that his deposition is necessary following the resolution of these pending issues.

Thank you for Your Honor's attention to this matter. Should the Court require any further information, we are available at Your Honor's convenience.

                                            Respectfully yours,

                                            s/David Rubenstein

Cc: All counsel of record