*Kennedy Lillis Schmidt & English*
*125 Maiden Lane*
*New York, N.Y. 10038-4753*
*Telephone: 212-430-0800*
WWW.KLSELAW.COM

Charles E. Schmidt
CSCHMIDT@KLSELAW.COM
DIRECT DIAL: 212-430-0802

September 25, 2024

Hon. Jennifer E. Willis
United States District Court
Thurgood Marshall
   United States Courthouse
40 Foley Square, Rm. 425
New York, NY 10007

             Re:    Kintetsu World Express (U.S.A.), Inc.
                    v. Dialectic Distribution LLC
                Docket No.: 1:21-CV-09579 (JHR)(JW)
                Our File: 6405

Dear Judge Willis,

      We represent the plaintiff, Kintetsu World Express (U.S.A.), Inc. ("KWEUSA") in this matter. As previously noted in our letter of September 24, ECF Doc. 91, we will wish to address several discovery defaults by the Defendant, Dialectic Distribution LLC ("DDLLC").

      This letter concerns DDLLC's default, *for the second time*, to comply with the Court's Orders to answer KWEUSA's contention interrogatory concerning the former's allegation that KWEUSA applied incorrect or improper currency conversion rates in its preparation of invoices submitted to DDLLC. This interrogatory appeared in Plaintiff's Second Set of Interrogatories Addressed to Defendant served January 30, 2024.

      The Court had first Ordered a response to this interrogatory on June 28: "Defendant is also ordered to answer the outstanding interrogatories and document requests raised in the joint letter." (ECF Doc. 74.) DDLLC failed to comply.

      The obligation to answer the contention interrogatory was one of the specific subjects of the August 21 Discovery Conference. DDLLC's position was that the interrogatory was untimely and impermissible under the then-applicable Scheduling Order. See Transcript, ECF Doc. 86, at pp. 40, l. 6 – 48, l. 48; 49, l. 13 – 50, l. 16.

      After hearing counsels' argument and reviewing the applicable Scheduling Order, the Court ruled that DDLLC answer the contention interrogatory. Transcript, ECF Doc. 86, at p. 53, ll. 2 – 5.

*Kennedy Lillis Schmidt & English*

Hon. Jennifer E. Willis
United States District Court

September 25, 2024
Page 2

---

Following the Discovery Conference, the Court entered a second Order, now memorializing its oral rulings at the Discovery Conference: "Defendant must produce the requested document productions and interrogatories by **September 20, 2024**." ECF Doc. 82. (Emphasis in original.)

Notwithstanding the two Court Orders cited above, DDLLC did not respond or object[1] to the Plaintiff's Second Set of Interrogatories Addressed to Defendant served on January 30, 2024 until **11:46 pm on Sunday, September 22**, the eve of the deposition of DDLLC's member, Zachary Zeltzer.

Copies of the Plaintiff's Second Set of Interrogatories Addressed to Defendant (Exhibit 1) and DDLLC's Plaintiff's Second Set of Interrogatories Addressed to Defendant (Exhibit 2) are attached for the Court's consideration. The interrogatory is predicated on the allegations in DDLLC's Answer and Counterclaim, which states:

> 11. In April 2020, Dialectic used Kintetsu's services to arrange for shipments of personal protective equipment, notably KN-95 masks.

> \* \* \*

> 14. In particular, Dialectic notified Kintetsu that Kintetsu was charging Dialectic using an improper currency conversion rate in Kintetsu's calculations. . . .[2]

KWEUSA asked, "For each item You contend that KWE used an improper currency conversion rate in Kintetsu's calculations of its charges to DDLLC as alleged in paragraph 14," that DDLLC specify: the invoice on which it contended such an improper charge was assessed; why it contended the rate was improper; what it contended was the correct rate; and the source it contended should have been consulted to obtain a correct conversion rate. Exh. 1, pp. 4 – 5.

DDLLC's response:

> Objection. This request is vague and ambiguous and fails to identify a time frame. The request also seeks information that is irrelevant to the discovery of admissible evidence or the subject matter of the pleadings in this case. Subject to and without waiving any objections, Defendant states: See Documents produced to Plaintiff's counsel via email on April 19, 2023, June 12, 2023, and September 22, 2024.

---

[1] Other than orally at the Discovery Conference, DDLLC expressed no prior objection to these Interrogatories.

[2] Defendant's Answer Affirmative Defenses and Counterclaim at p. 7, ¶¶10 and14. ECF Doc. 25.

*Kennedy Lillis Schmidt & English*

Hon. Jennifer E. Willis
United States District Court

September 25, 2024
Page 3

---

*First*, it defies all credulity to speak of the question as being vague and ambiguous and failing to specify a time frame. The question is framed precisely to the allegations that DDLLC itself made! *Second*, this allegation appears in a counterclaim in which DDLLC seeks an unspecified amount of money damages from KWEUSA. The question is therefore relevant to the amount of damages to which DDLLC claims it is entitled. *Third*, the document productions referenced in DDLLC's response total, including attachments to included email, consist of fewer than 300 pages. DDLLC's April 19, 2023 production consists of 160 pages and there is handwriting on only about 25 of them that references currency conversion in any way. An exemplar is attached as Exhibit 3. When questioned about this topic at his deposition on Monday, September 23, Mr. Zeltzer could not identify the handwriting or explain the markings, which, we submit, are patently non-responsive to the interrogatory. The June 12, 2023 production to which the response refers consisted of 46 pages. It does not contain a single word speaking about or referring to currency conversion. The September 22, 2024 production to which the response refers consisted of 38 pages. It, too, does not contain a single word speaking about or referring to currency conversion.

This obstruction merits an appropriate sanction. "Courts must have the power to impose punitive measures if they are to preserve their capacity to promote the orderly progress of litigated cases." *7 Moore's Federal Practice - Civil § 37.50 (2024)*. Here, preclusion is appropriate and sufficient, and authorized by F.R.Civ.P. 37(b)(2)(A)(ii). *See also, Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357 (2d Cir. 1991), Valentine v. Museum of Modern Art, 29 F.3d 47 (2d Cir. 1994)*. "A defendant who has failed to obey a district court's order to produce information relating to his defense of lack of personal jurisdiction may properly be sanctioned by the striking of his personal jurisdiction defense." *Chevron Corp. v. Donziger, 833 F.3d 74, 147 (2d Cir. 2016)*.

If you have any questions or desire any further information, we are at your disposal to respond. In the meantime, we thank the Court for its time and consideration.

Very truly yours,

KENNEDY LILLIS SCHMIDT & ENGLISH

By: *[signature]*

Charles E. Schmidt

CES/

K:\6405_KWE(DIALECTIC)\6405_LTC23.DOCX

cc:  David Rubenstein, Esq
    *via ECF*