K:\6405_KWE(DIALECTIC)\LEGAL+DISCOVERY\BY_KWE\6405ROGSTODEFT.DOCX

KENNEDY LILLIS SCHMIDT & ENGLISH
Charles E. Schmidt
125 Maiden Lane – Suite 5C
New York, N.Y. 10038-4753
Telephone:  212-430-0800
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KINTETSU WORLD EXPRESS (U.S.A.), INC., | ECF CASE |
| Plaintiff, | 1:21-CV-09579 (JHR)(JW) |
| -v.- | **PLAINTIFF'S SECOND SET OF INTERROGATORIES ADDRESSED TO DEFENDANT** |
| DIALECTIC DISTRIBUTION LLC, | |
| Defendant. | |

PLEASE TAKE NOTICE that, Fed.R.Civ.P. 33 and L.R. 26.2, 26.3 and 26.4, KINTETSU WORLD EXPRESS (U.S.A.), INC., by its attorneys, Kennedy Lillis Schmidt & English, calls upon Defendant to answer the following interrogatories, within the time provided by the Rule 33 and in accordance with the Scheduling Order entered in this action.

**DEFINITIONS AND RULES OF CONSTRUCTION**

1. The following definitions and rules of construction apply to all discovery requests:

   a. The term "communication" means the transmittal of information of any kind, including, without limitation, in the form of facts, ideas, inquiries or otherwise.

   b. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed.

  R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

c. The terms "identity" and "identify" mean, when referring to a person, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

d. The terms "identity" and "identify" mean, when referring to documents, mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

e. The terms "plaintiff," "and defendant," as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

f. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

g. The terms "concerning" and "concerns" mean relating to, referring to, describing, evidencing, or constituting.

h. The terms "all," "any," and "each" shall each be construed as encompassing all, any, and each.

    i. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    j. The use of the singular form of any word includes the plural and vice versa.

    k. The term "including" means including but not limited to. Under no circumstance shall use of the word "including" in any request be construed to limit the scope of the Documents, Communications, or Things sought by any request.

    l. Whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods; whenever necessary to bring within the scope of the specification all responses that might otherwise be construed to be outside its scope.

2. The following definitions apply without regard to whether the terms are capitalized when used:

    a. The terms "PLAINTIFF" means "KINTETSU WORLD EXPRESS (U.S.A.), INC." individually, and collectively includes KINTETSU LOGISTICS (SHENZHEN) CO., LTD., KINTETSU WORLD EXPRESS (BENELUX) BV, KINTETSU WORLD EXPRESS (HK) LIMITED, KINTETSU WORLD EXPRESS (DEUTSCHLAND) GMBH, their present or former agents, brokers, consultants, experts, representatives, servants, advisors, and attorneys, as well as all other individuals or business entities in the employ of or otherwise acting or purporting to act directly or indirectly on his behalf. These entities are also abbreviated herein as "KWE."

b. The term "DIALECTIC DISTRIBUTION LLC" means Defendant DIALECTIC DISTRIBUTION LLC individually, and collectively includes DIALECTIC PR LLC, and each of their respective present or former managers, members, officers, employees, agents, brokers, consultants, experts, representatives, servants, advisors, and attorneys, as well as all other individuals or business entities in the employ of or otherwise acting or purporting to act directly or indirectly on behalf of any of them. These entities are also abbreviated herein as "DDLLC."

c. The term "GOODS" means shipments of property made by, to, or for the account of DDLLC using any services of KWE during the period January 1, 2020 – December 31, 2021.

d. The terms "You," and "Your," when used herein, shall mean "DDLLC."

## INTERROGATORIES

1. Identify each person who participated in the preparation of these Answers to Interrogatories.

2. For each item You contend that KWE used an improper currency conversion rate in Kintetsu's calculations of its charges to DDLLC as alleged in paragraph 14 of Your Answer and Counterclaims,

a. Identify each invoice on which each such charge was assessed;

b. Specify the basis for Your contention that each conversion rate applied was improper;

c. Specify what You contend was the correct rate that should have been applied to each such charge; and

      d.  Identify the source of what You contend was the correct rate that should have been applied to each such charge.

| | |
|---|---|
| Dated:  New York, New York<br>January 30, 2024 | KENNEDY LILLIS SCHMIDT & ENGLISH<br>Attorneys for Plaintiff |
| | By:  /s/ *Charles E. Schmidt*<br>Charles E. Schmidt<br>75 Maiden Lane – Suite 402<br>New York, New York  10038-4816<br>Telephone:  212-430-0800 |

**CERTIFICATE OF SERVICE**

      I, Charles E. Schmidt, an attorney admitted to practice before the bar of this Court, certify under penalties of perjury that on January 30, 2024, I served the within PLAINTIFF'S SECOND SET OF INTERROGATORIES upon counsel indicated below by emailing a true copy thereof, in both PDF and MSWord format, , addressed to

Rubenstein Business Law  
David Rubenstein Esq.  
305 Broadway, Suite 700  
New York, NY 10007  
Email: Drubenstein@RubensteinBusinessLaw.com

                                              s/ *Charles E. Schmidt*

From:  
KENNEDY LILLIS SCHMIDT & ENGLISH  
Attorneys for Plaintiff  
125 Maiden Lane – Suite 5C  
New York, New York  10038-4753  
Telephone:  212-430-0800  
Attn.:  Charles E. Schmidt  
       E-mail: cschmidt@klselaw.com