*Kennedy Lillis Schmidt & English*
*125 Maiden Lane*
*New York, N.Y. 10038-4753*
*Telephone: 212-430-0800*
WWW.KLSELAW.COM

Charles E. Schmidt
CSCHMIDT@KLSELAW.COM
DIRECT DIAL: 212-430-0802

September 30, 2024

Hon. Jennifer E. Willis
United States District Court
Thurgood Marshall
   United States Courthouse
40 Foley Square, Rm. 425
New York, NY 10007

           Re:    Kintetsu World Express (U.S.A.), Inc.
                   v. Dialectic Distribution LLC
               Docket No.: 1:21-CV-09579 (JHR)(JW)
               Our File:  6405

Dear Judge Willis,

      We represent the plaintiff, Kintetsu World Express (U.S.A.), Inc. ("KWEUSA") in this matter.  As previously noted in our letter of September 24, ECF Doc. 91, we will wish to address several discovery defaults by the Defendant, Dialectic Distribution LLC ("DDLLC").

      This letter concerns DDLLC's default, *for the second time*, to comply with the Court's Orders to answer KWEUSA's interrogatories seeking contact data sufficient to serve subpoenas on its former employees, Jennifer DeLorenzo and Mark Hoenes.  The two questions, one for each of the individuals, appeared in Plaintiff's Third Set of Interrogatories Addressed to Defendant served May 22, 2024.  KWEUSA served these immediately on first being informed that these individuals, whose depositions had been noticed on January 25, were no longer employed by DDLLC.  Ms. DeLorenzo had a critical role in the processing of KWEUSA's invoices, and Mr. Hoenes was DDLLC's CFO.  Mr. Hoenes did not leave DDLLC's employ until *after* the notice to take his deposition was served.[1]

---

[1] *See,* email message from David Rubenstein to Chambers dated September 4, 2024 at 12:55 p.m., (not filed in ECF).

*Kennedy Lillis Schmidt & English*

September 30, 2024
Page 2

Hon. Jennifer E. Willis
United States District Court

---

The Court had first Ordered a response to this interrogatory on June 28: "Defendant is also ordered to answer the outstanding interrogatories and document requests raised in the joint letter.[2]" (ECF Doc. 74.) DDLLC failed to comply.

The obligation to answer these interrogatories was one of the specific subjects of the August 21 Discovery Conference. See Transcript, ECF Doc. 86 ("Transcript") at p. 37, ll. 2 – 17. DDLLC's position was that the interrogatory was untimely and impermissible under the then-applicable Scheduling Order. See Transcript, at p. 40, l. 15 – p. 42, l. 9; p. 50, l. 17 – p. 51, l. 14.

After hearing counsels' argument and reviewing the applicable Scheduling Order, the Court ruled that DDLLC answer these interrogatories. Transcript, at p. 54, ll. 7 – 23.

Following the Discovery Conference, the Court entered a second Order, now memorializing its oral rulings at the Discovery Conference: "Defendant must produce the requested document productions and interrogatories by **September 20, 2024**." ECF Doc. 82. (Emphasis in original.)

Notwithstanding the two Court Orders cited above, DDLLC did not respond or object[3] to the Plaintiff's Third Set of Interrogatories Addressed to Defendant served on January 30, 2024 until **11:46 pm on Sunday, September 22**, the eve of the deposition of DDLLC's member, Zachary Zeltzer.

A copy of DDLLC's response to Plaintiff's Third Set of Interrogatories is attached as Exhibit 1. The interrogatories are repeated verbatim as part of the response at pages 2 – 5.

KWEUSA has sought information sufficient to permit it to subpoena these two individuals for deposition. DDLLC has manifestly aimed to thwart the process by glibly responding:

> Ms. DeLorenzo last worked for Defendant between 7-26-21 to 7-31-21. She was a junior accountant. Her present place of employment is unknown.

and

> Me. [sic] Hoenes was terminated by Defendant on 5/17/24. Hoenes was CFO. His present place of employment is unknown.

---

[2] DDLLC's non-responsiveness was first raised in ECF Doc. 73 at the end of the first full paragraph in a sentence that appears at the top of page two of that submission. It was raised again in ECF Doc. 75 in the second full paragraph appearing on page one of that submission.

[3] Other than orally at the Discovery Conference, DDLLC expressed no prior objection to these Interrogatories.

*Kennedy Lillis Schmidt & English*

Hon. Jennifer E. Willis
United States District Court

September 30, 2024
Page 3

---

    The refusal to respond, at a minimum, to parts (d) "last known residence address," (e) "last known residence and mobile telephone numbers," and (f) "last known personal e-mail address(es)" for each of these two individuals represents willful obstruction on the part of DDLLC.

    This obstruction merits an appropriate sanction. "Courts must have the power to impose punitive measures if they are to preserve their capacity to promote the orderly progress of litigated cases." *7 Moore's Federal Practice - Civil § 37.50 (2024)*. This is now the third time KWEUSA has been required to incur the cost of making a submission to this Court to obtain a relatively small amount of data from DDLLC, and it is the third time that this Court will be burdened with the issue and the need for a further Order.

    If you have any questions or desire any further information, we are at your disposal to respond. In the meantime, we thank the Court for its time and consideration.

    Very truly yours,

KENNEDY LILLIS SCHMIDT & ENGLISH

By: *[signature]*

Charles E. Schmidt

CES/

K:\6405_KWE(DIALECTIC)\6405_LTC23.DOCX

cc:    David Rubenstein, Esq
       *via ECF*