UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KINTETSU WORLD EXPRESS (U.S.A.), INC., | ECF CASE |
| Plaintiff, | 1:21-CV-09579 (JHR)(JEW) |
| -v.- | **DEFENDANT'S RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES** |
| DIALECTIC DISTRIBUTION LLC, | |
| Defendant. | |

PLEASE TAKE NOTICE that, Fed.R.Civ.P. 33 and L.R. 26.2, 26.3 and 26.4, Defendant Dialectic Distribution, LLC ("Defendant" or "Dialectic") hereby responds to Plaintiff's Interrogatories as follows.

**GENERAL OBJECTIONS**

1. Defendant objects to these Interrogatories insofar as they require information protected by the attorney-client and/or work product privileges.

2. Defendant objects to these Interrogatories insofar as they attempt to impose any obligations beyond those established by the Federal Court Rules (hereinafter "Rules"), the Best Practice (hereinafter "Best Practice"), and Individual Part Rules (if any) of the Assigned Justice and all other applicable local rules and the cases describing, defining or interpreting the applicable rules.

3. Defendant objects to these Interrogatories insofar as they seek, or could be construed as seeking, information protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, doctrine or right. Any

1

inadvertent production of information protected by any of these privileges, doctrines or rights shall not be deemed a waiver of the protections that those privileges, doctrines or rights afford.

4. Defendant objects to these Interrogatories insofar as they seek information or documents which are neither relevant to issues involved in this action nor reasonably calculated to lead to further discovery of admissible evidence as determined and described by the Rule, Best Practice, and any other applicable local rules, or case construing the aforementioned rules.

5. Defendant objects to these Interrogatories insofar as they are vague and/or ambiguous, overly broad, fail to state or identify periods of time for which responses are sought, and to the extent they seek information, the gathering and compiling of which, is unduly burdensome.

6. Defendant objects to these Interrogatories to the extent that they require disclosure of confidential information. Any such information will be disclosed only after it has been designated pursuant to an appropriate confidentiality stipulation that has been agreed to and executed by the parties, and so ordered by the Court.

7. Defendant objects to these Interrogatories to the extent that they contain incomplete or misleading descriptions of facts, persons, relationships, events or pleadings in this matter. Disclosure of any information in response to the Interrogatories shall not constitute agreement with and/or acquiescence to any such description.

8. Defendant submits these responses without waiving (i) the right to object on any grounds (including but not limited to competence, relevance, materiality, privilege or admissibility) to the use of the responses as evidence for any purpose, or to the use of the responses in any proceeding; (ii) the right to object on any ground to any other discovery concerning the subject matter of the Interrogatories; and (iii) the right (not admitting any obligation, except as provided

by law or rule) to supplement this response.

9. Defendant objects to each and every Interrogatory that does not have a time period for which information is sought as being overly broad, unreasonably vague and not susceptible to reasonable interpretation, lacking in specificity, and unduly burdensome.

10. Defendant objects to these Interrogatories to the extent that the documents requested have previously been made available to Plaintiff for inspection and copying by Plaintiff. Defendant will not re-identify or re-supply said documents in its responses hereto. Defendant considers Plaintiff on constructive notice of the existence and contents of the documents previously made available for inspection and copying, as well as of the identities of any witnesses, items or information identified, stated or contained therein.

11. Defendant incorporates the foregoing general objections into each and every response and/or objection to the Interrogatories and into each and every amendment, supplement or modification to these responses hereinafter provided to Plaintiff. Defendant does not intend to waive any general objection in its response to any specific Interrogatory propounded by Plaintiff.

12. The responses and objections are based upon Defendant's present knowledge, information and belief. The responses and objections are subject to amendment, in accordance with the Federal Court Rules. Defendant reserves the right to rely upon any facts, documents or other evidence which may hereafter develop or come to its attention.

## INTERROGATORIES

1. Identify each person who participated in the preparation of these Answers to Interrogatories.

**RESPONSE**:

Zachary Zeltzer

2. With respect to Defendant's former employee Jennifer DeLorenzo, please state:

    a. The date on which Ms. DeLorenzo's employment by Defendant began;

    b. The job title and responsibilities of Ms. DeLorenzo on May 21, 2021;

    c. The date on which Ms. DeLorenzo's employment by Defendant terminated;

    d. The last known residence address of Ms. DeLorenzo;

    e. The last known residence and mobile telephone numbers of Ms. DeLorenzo;

    f. The last known personal e-mail address(es) of Ms. DeLorenzo;

    g. Ms. DeLorenzo's present place of employment;

    h. Whether Ms. DeLorenzo's employment was involuntarily terminated by the Defendant.

RESPONSE:

Ms. DeLorenzo last worked for Defendant between 7-26-21 to 7-31-21. She was a junior accountant. Her present place of employment is unknown.

3. With respect to Defendant's former employee Mark Hoehnes, please state:

    a. The date on which Mr. Hoehnes' employment by Defendant began;

b. The job title and responsibilities of Mr. Hoehnes on June 2, 2021;

c. The date on which Mr. Hoehnes' employment by Defendant terminated;

d. The last known residence address of Mr. Hoehnes;

e. The last known residence and mobile telephone numbers of Mr. Hoehnes;

f. The last known personal e-mail address(es) of Mr. Hoehnes;

g. Mr. Hoehnes' present place of employment

h. Whether Mr. Hoehnes' employment was involuntarily terminated by the Defendant.

RESPONSE:

Me. Hoenes was terminated by Defendant on 5/17/24. Hoenes was CFO. His present place of employment is unknown.

Dated:  New York, New York          RUBENSTEIN BUSINESS LAW
        September 22, 2024          Attorneys for Defendant

                                    By:  /s/ *David Rubenstein*
                                         David Rubenstein Esq.
                                         305 Broadway, Ste 700
                                         New York, NY 10001
                                         Email: Drubenstein@RubensteinBusinessLaw.com

## CERTIFICATE OF SERVICE

      I, David Rubenstein, an attorney admitted to practice before the bar of this Court, certify under penalties of perjury that on June 12, 2023, I served the within responses to Plaintiff's Interrogatories upon counsel indicated below by emailing a true copy thereof, addressed to

KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Plaintiff
125 Maiden Lane – Suite 5C
New York, New York  10038-4753
Telephone:  212-430-0800
Attn.:  Charles E. Schmidt
E-mail: cschmidt@klselaw.com

                                                                  s/ *David Rubenstein*