*Kennedy Lillis Schmidt & English*
*125 Maiden Lane*
*New York, N.Y. 10038-4753*
*Telephone: 212-430-0800*
WWW.KLSELAW.COM

Charles E. Schmidt
CSCHMIDT@KLSELAW.COM
DIRECT DIAL: 212-430-0802

October 11, 2024

Hon. Jennifer E. Willis
United States District Court
Thurgood Marshall
   United States Courthouse
40 Foley Square, Rm. 425
New York, NY 10007

                Re:    Kintetsu World Express (U.S.A.), Inc.
                         v. Dialectic Distribution LLC
                    Docket No.: 1:21-CV-09579 (JHR)(JW)
                    Our File:  6405

Dear Judge Willis,

      We represent the plaintiff, Kintetsu World Express (U.S.A.), Inc. ("KWEUSA"), in this matter.  We write to advise the Court of both the progress made in fact discovery since the conference of August 21 and of outstanding matters, and in light thereof to request that the time to complete fact discovery be extended as outlined below.  The present fact discovery deadline is next Tuesday, October 15.  We invited counsel for the defendant Dialectic Distribution LLC ("DDLLC") to confer by telephone concerning outstanding issues, but he has not responded.  Considering the Yom Kippur and Indigenous Peoples' Day holidays this evening and Monday, and to make a timely application, we request that the Court entertain this unilateral correspondence.

      The depositions of the four witnesses that were scheduled at the time of the August 21 conference were conducted via Zoom.  The deposition of a KWEUSA employee on Friday, September 27, was interrupted by internet and telephone failures suffered by the North Carolina-based court reporter in the aftermath of Hurricane Helene.  When the court reporter's services were restored, the witness offered to be available on October 3 to continue the deposition.  Opposing counsel was not available on that date but has not signaled a desire to resume it, proposed any alternative date, nor responded to the court reporter's inquiry.  On behalf of KWEUSA, we have made post-deposition document requests of DDLLC based on the witnesses' testimony by letters to its counsel to which DDLLC has not yet responded.

*Kennedy Lillis Schmidt & English*

Hon. Jennifer E. Willis
United States District Court

October 11, 2024
Page 2

---

During the testimony of one of the DDLLC employees, its counsel directed the witness not to answer certain questions. The subjects of the questions were documents we obtained by subpoena from counsel representing DDLLC's insurer in DDLLC's litigation against the insurer seeking coverage and compensation for masks that it was unable to sell or use. The basis of the objection was that the documents had been marked in the insurance litigation as "Confidential - For Settlement Discussion Purposes Only." We have written to DDLLC's counsel objecting to the characterization of these documents as truly confidential, offering redaction of the one element that is conceivably commercially sensitive. We await counsel's response and the opportunity to discuss this issue with counsel to avoid requesting the Court's intervention.

During the testimony of the other Dialectic employee, opposing counsel directed the witness not to answer questions, claiming the application of attorney-client privilege, concerning the basis for the witness's testimony that KWEUSA should have been able to take action in Germany to secure refunds of Duty and VAT advanced on DDLLC's behalf. Outstanding post-deposition document requests may resolve this issue.

KWEUSA also still seeks information concerning DDLLC's allegation that Plaintiff employed improper currency conversion rates in its invoicing of services to Defendant. See letter application, ECF Doc. 92, to which DDLLC has not responded.

The parties await the Court's rulings concerning depositions of foreign witnesses and of former DDLLC employees as discussed at that August 21 discovery conference and in ECF Doc. 93.

KWEUSA still seeks information sufficient to enable the service of subpoenas on former DDLLC employees Ms. DeLorenzo and Mr. Hoenes as discussed in its letter application, ECF Doc. 94. DDLLC has not responded to this application.

Having particular regard to the need to arrange eventual service of subpoenas on the two former DDLLC employees and depose them, as well as the other outstanding fact discovery matters, we would respectfully propose that the discovery deadline be extended to a date 45 days after ruling on the pending discovery applications and anticipated production of proper responses to KWEUSA's interrogatories seeking contact details that will allow service of those subpoenas. If the Court would prefer, we would respectfully suggest a "holding date" for the conclusion of fact discovery of Friday, December 13, 2024.

*Kennedy Lillis Schmidt & English*

Hon. Jennifer E. Willis
United States District Court

October 11, 2024
Page 3

---

    If you have any questions or desire any further information, we are at your disposal to respond. In the meantime, we thank the Court for its time and consideration.

                              Respectfully submitted,

                              KENNEDY LILLIS SCHMIDT & ENGLISH

                              By: *[signature]*

                              Charles E. Schmidt

CES/

K:\6405_KWE(DIALECTIC)\6405_LTC26.DOCX

cc:    David Rubenstein, Esq
       *via ECF*