# Rubenstein Business Law

305 Broadway, Suite 700
New York, NY 10007
Ph: 786-200-3237
Email: Drubenstein@RubensteinBusinessLaw.com
Website: www.RubensteinBusinessLaw.com

October 25, 2024

Hon. Magistrate Judge Jennifer E. Willis
United States Courthouse
40 Centre Street
New York, NY 10007

Re:   **Kintetsu World Express (U.S.A.). Inc. v. Dialectic Distribution LLC**, 21-CV-9579

Dear Judge Willis:

We represent Defendant Dialectic Distribution, LLC ("Dialectic") in the above-referenced matter. While we do not oppose an extension of the fact discovery deadline, we submit this letter to clarify several mischaracterizations in Plaintiff Kintetsu World Express (U.S.A.), Inc. ("KWEUSA")'s October 11, 2024 letter and to raise our concerns regarding Plaintiff's repeated disregard for this Court's rules on procedural conduct, specifically the duty to meet and confer prior to seeking relief from the Court.

1. Mischaracterizations in Plaintiff's Letter

Plaintiff's letter inaccurately implies that Dialectic has been uncooperative in scheduling depositions and responding to post-deposition document requests. Contrary to Plaintiff's representations, Dialectic's counsel has promptly communicated and worked to facilitate all scheduled depositions, including those disrupted by unforeseen technical difficulties.

Additionally, Plaintiff references Dialectic's objections to certain questions on attorney-client privilege and confidentiality grounds during witness depositions. These objections were made in good faith, consistent with the rules of privilege and confidentiality protections afforded under New York and federal law, especially where certain documents were designated as "Confidential – For Settlement Discussion Purposes Only" during unrelated insurance litigation. Plaintiff's attempts to use these confidential materials without proper justification were inappropriate, and Dialectic has been open to reasonable discussions to resolve this issue without requiring Court intervention.

2. Plaintiff's Failure to Meet and Confer

We also take issue with Plaintiff's failure to meet and confer in good faith prior to filing its recent letter motions. Under the Court's Rules, as well as Federal Rule of Civil Procedure 37(a)(1), parties are required to make a good-faith effort to resolve discovery disputes before seeking Court assistance. Plaintiff, however, has repeatedly bypassed this obligation, submitting letter motions without first

engaging Dialectic in substantive discussions. Such actions are counterproductive and waste judicial resources.

Plaintiff's unilateral approach has hindered effective communication, and we respectfully submit that Plaintiff's letter motions should be denied on procedural grounds alone due to its failure to adhere to the meet-and-confer requirement.

3. Agreement to Discovery Extension

Although Dialectic disputes the assertions made in Plaintiff's letter, we are willing to consent to an extension of the fact discovery deadline, provided that all parties engage in a timely and cooperative discovery process. We respectfully suggest that the deadline be extended to December 13, 2024, as Plaintiff proposed, contingent upon Plaintiff's compliance with its discovery obligations and adherence to procedural requirements moving forward.

Thank you for Your Honor's attention to this matter. Should the Court require any further information, we are available at Your Honor's convenience.

Respectfully yours,

s/David Rubenstein

Cc: All counsel of record