UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KINTETSU WORLD EXPRESS (U.S.A.), INC.,

                          Plaintiff,                      **ORDER**

                  -against-                     **21-CV-9579 (JHR) (JW)**

DIALECTIC DISTRIBUTION LLC,

                         Defendant.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

During the August 21, 2024 discovery conference, the Court ordered both Parties to file five-page letters by September 4, 2024. Dkt. No. 85 at 52. The Parties letters were to inform the Court of whether Kintetsu World Express (U.S.A.), Inc. ("Plaintiff" or "KWE (U.S.A.)") must produce employees of its international sister corporations for depositions.[1] Id. The Court also directed Dialectic Distribution LLC ("Defendant") to "inform the Court of the termination dates of Mr. Hoenes and Ms. Delorenzo" and to "produce the requested document productions and interrogatories." Dkt. No. 82.

Since the discovery conference, Plaintiff has filed three separate letters to the Court alleging non-compliance by the Defendant. Dkt. Nos. 90, 92, 94. Defendant responded to the first letter regarding the deposition of Owen Green but failed to

---

[1] The use of the term "sister corporation" by this Court is for convenience and is not meant to imply that this Court has made a finding of the technical relationship between the relevant corporations.

timely respond to the remaining two letters.[2]  Dkt. No. 91.  The Court addresses all outstanding discovery disputes below.

### A.     Production of Sister Corporation Employees

In a joint letter dated July 12, 2024, Defendant informed the Court that it has been seeking to depose four alleged KWE (U.S.A.) employees who Plaintiff refused to produce.  Dkt. No. 75.  The four employees are currently located in Germany, Belgium, and China.  Dkt. No. 87.

Plaintiff takes the position that it need not produce for depositions the employees of a corporate affiliate.  Dkt. No 88.  Plaintiff reasons that the employees work at offices and corporations separate from, and not owned or controlled by, KWE (U.S.A.) Dkt. No. 88 n1.  More specifically, Plaintiff puts forward that Olaf Gerber was formerly employed by KWE (Deutschland) GmbH, Stijn Buggenhout is an employee of KWE (Benelux) BV, and both Rocky Zhou and David Qi are employees of KWE (China) Co., Ltd.  Dkt. No. 88-1.

Plaintiff also argues that "organizations are not required to produce persons for deposition who are merely alleged to be in the party's control."  Dkt. No 88 (internal quotation marks omitted) (citing Chevron Corp. v. Salazar, 275 F.R.D. 422, 427 (S.D.N.Y. 2011)).

---

[2] This Court's individual rule II(A) provides that any responsive letter should be submitted within three business days of the original letter and failure to respond within three business days will result in a waiver of any objections. Defendant responded to Plaintiff's second and third letters in a single letter filed four weeks after Plaintiff's second letter.

Defendant submits that control can be found by a sister corporation over another when it has the "ability in the ordinary course of business to obtain documents" from it. Dkt. No. 87. Because Plaintiff has demonstrated control over its sister corporations regarding document production, Defendant asserts it can therefore exert the same control to produce the four witnesses for depositions. Id.

Plaintiff is correct that it need not produce the witnesses in question just because Defendant alleges they are in Plaintiff's control. See Salazar, 275 F.R.D. at 427. Rather, when attempting to depose a witness on behalf of a corporation, "the party seeking the deposition may identify a specific officer, director, or managing agent to be deposed and notice that person under Rule 30(b)(1)." United States v. Afram Lines (USA), Ltd., 159 F.R.D. 408, 413 (S.D.N.Y. 1994). The test under Afram for determining the appropriateness of the potential witness consists of the following five factors:

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation.

Id. (internal citation and quotations omitted).

Employees that do not qualify as "a specific officer, director, or managing agent" must be subpoenaed or if overseas, comply with procedures of "the Hague Convention or other applicable treat[ies]." Id. The burden of establishing the status

3

of any potential deponent(s) rests with the party seeking the deposition. In re Terrorist Attacks on Sept. 11, 2001, No. 03-MDL-01570 (SN), 2020 WL 8611024, at *3 (S.D.N.Y. Aug. 27, 2020), objections overruled, No. 03-MDL-1570 (GBD), 2021 WL 2227204 (S.D.N.Y. June 2, 2021). Such burden is "modest, and any doubts are resolved in favor of the examining party." Id. The Court examines whether Defendant has met its burden with respect to each of the four witnesses in question below.

    i.    Olaf Gerber

Rather than apply the factors set forth in Afram, Defendant argues that Olaf Gerber, as a Branch Manager for KWE, "clearly qualifie[s] as a Managing Agent under the Second Circuit's definition." Dkt. No. 87 (citing Boss Mfg., 1999 U.S. Dist. LEXIS 133, 1999 WL 20828, at *4.). Or, in the alternative, the Court should compel his deposition as it is required to determine his status. Id. (citing Hughes Bros., Inc. v. Callanan Rd. Improvement Co., 41 F.R.D. 450, 454 (S.D.N.Y. 1967).

Defendant's reliance on Boss Mfg. is misplaced. Boss Mfg., identifies a list of substantially identical factors as the Afram test and, in fact, cites to Afram. See Boss Mfg. Co. v. Hugo Boss AG, No. 97CIV.8495 (SHS) (MHD), 1999 WL 20828, at *3 (S.D.N.Y. Jan. 13, 1999). Mentioned above, Defendant makes no attempt to apply the Afram factors and instead merely states that Olaf Gerber is clearly qualified as a managing agent because of his status as Branch Manager. Dkt. No. 87. However, as other courts in this district have held, status as a manager of a sister corporation alone does not make a potential witness a managing agent of the litigant corporation.

4

See Newmarkets Partners, LLC v. Oppenheim, No. 08-CV-04213 (WHP) (THK), 2009 WL 1447504, at *1 (S.D.N.Y. May 22, 2009).

Defendant raised the issue of whether Mr. Gerber and others may be deposed in three separate letters to the Court. See Dkt. Nos. 75, 81, 87. None of the letters directly addressed the Afram test nor did they provide facts that would demonstrate Mr. Gerber is a managing agent. Defendant has therefore failed to meet its burden showing Mr. Gerber is a managing agent of KWE (U.S.A.) and Mr. Gerber is to be treated as a non-party witness. If the Defendant wishes to depose him, it will need to do so in accordance with any applicable treaties.

Defendant also contends that Mr. Gerber should be produced even though he no longer works for KWE (Deutschland). Dkt. No. 87. Given the Courts decision detailed above, it need not reach this issue.

    ii.    Stijn Buggenhout, Rocky Zhou, and David Qi

Defendant does not make any claim that the remaining three witnesses employed by Plaintiff's sister corporations are officers, directors, or managing agents of KWE (U.S.A.). See Dkt. No. 87. Instead, Defendant makes the broad assertion that because Plaintiff has demonstrated control over its sister corporations through document production, it must also produce Buggenhout, Zhou, and Qi. Id. Similar to the above analysis, Defendant failed to meet its burden and Buggenhout, Zhou, and Qi are to be treated as non-party witnesses. Again, should Defendant desire to depose these witnesses, it must do so in accordance with the applicable treaty for each witness.

B. **Production of Owen Green**

By order dated September 25, 2024, the Court directed Defendant to produce Owen Green for his deposition with a further explanation forthcoming. Dkt. No. 93. That explanation is provided below.

During the August 21, 2024 discovery conference, Defendant made an untimely objection to the production of Owen Green. Dkt. No. 85 at 58–59. Defendant claimed for the first time that Mr. Green was not an employee of Defendant Dialectic Distribution LLC. Id. In a subsequent letter, Defendant argued that it need not produce Mr. Green because he "is employed by Dialectic PR, LLC, a sister company of Dialectic Distribution, LLC." Dkt. No. 87.

Plaintiff counters that, before the discovery conference, Mr. Green was never "identified as an employee Dialectic PR" and Defendant's website displayed "him as part of a single team." Dkt. No. 88, Ex. 5. Plaintiff also highlights for the Court that Plaintiff served notice to take Mr. Green's deposition in January of 2024. Id.

The Court finds that Defendant's objection and claim that Mr. Green was employed by a sister corporation was untimely. Defendant knew in January that Plaintiff wanted to depose Mr. Green. See Dkt. No. 88. Defendant also knew as far back as July 2, 2024, that Plaintiff argued that the four witnesses should be exempt from production because they were not employed by KWE (U.S.A.). Dkt. No. 75. If the Defendant desired to take the same position regarding the deposition of Mr. Green, it should have raised this issue in January or July, not mere minutes before

the Court ordered to Parties to provide dates during the brief recess of a discovery conference. See Dkt. No. 85 at 57–59.

### C. Plaintiff's Contention Interrogatory

At the discovery conference the Court ruled that Plaintiff's contention interrogatory was timely and "was to be answered" by the Defendant. Dkt. No. 85 at 53. Following the discovery conference the Court entered an order directing Defendant to produce "the requested document productions and interrogatories by September 20, 2024." Dkt. No. 82.

On September 25, 2024, Plaintiff filed a letter informing the Court that Defendant responded to the contention interrogatory two days past the deadline. Dkt. No. 92. Plaintiff also asserts that Defendant's response included inapplicable objections and references to a series of documents that fail to answer the interrogatory. Id. Plaintiff attached an example of the most relevant documents referenced in Defendant's answer. Dkt. No. 92-3. The attachment appears to be an invoice with scattered writings about conversion rates and calculations. Id. Defendant did not respond to Plaintiff's letter.

A party can produce business records in response to an interrogatory if, amongst other things, the answer "may be determined from examining the records." See Fed. R. Civ. P. 33(d). While some of the invoices produced by Defendant give vague insight into the subject of the contention interrogatory, they do not allow an answer to "be determined from examining the records." Therefore, the Court finds

7

Defendant's response insufficient. Defendant is ordered to provide a sufficient response to Plaintiff's contention interrogatory by **January 18, 2025**.

### D. Sufficient Information to Subpoena DeLorenzo and Hoenes

On September 30, 2024, Plaintiff filed another letter informing the Court that Defendants also answered the interrogatories regarding Ms. DeLorenzo and Mr. Hoenes two days late, and that the answers were again insufficient. Dkt. No. 94. Plaintiff asserts that while Defendant provided the termination dates and titles of the two individuals, it failed to provide their last known home addresses, mobile telephone numbers, and personal e-mail addresses. Id. Defendant did not respond to this letter either.

The Court finds Defendant's answers to the interrogatories insufficient. Defendant is ordered to provide Plaintiff with sufficient answers to Plaintiff's third set of interrogatories by **January 18, 2025**.

## CONCLUSION

Plaintiff's unopposed request for 45-day extension is granted. The Parties have until **January 18, 2025**, to serve any witnesses and complete all outstanding discovery not addressed by a separate deadline in this order. Defendant is reminded of its obligation to comply with deadlines set by the Court.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 90, 92, 94–95.**

SO ORDERED.

DATED:   New York, New York
December 4, 2024

                                                         */s/ Jennifer E. Willis*
                                                         JENNIFER E. WILLIS
                                                         United States Magistrate Judge