*Kennedy Lillis Schmidt & English*
*125 Maiden Lane*
*New York, N.Y. 10038-4753*
*Telephone: 212-430-0800*
WWW.KLSELAW.COM

January 24, 2025

Hon. Jennifer E. Willis
United States District Court
Thurgood Marshall
   United States Courthouse
40 Foley Square, Rm. 425
New York, NY 10007

> The Parties are ordered to appear for an in-person discovery conference at 2:30 p.m. on February 3, 2025 in Courtroom 228, Thurgood Marshall Courthouse 40 Foley Square, New York, NY.
>
> *Jennifer E. Willis*
> JENNIFER E. WILLIS
> United States Magistrate Judge
> January 27, 2025

      Re:    Kintetsu World Express (U.S.A.), Inc.
               v. Dialectic Distribution LLC
           Docket No.: 1:21-CV-09579 (JHR)(JW)
           Our File: 6405

Dear Judge Willis,

    We represent the plaintiff, Kintetsu World Express (U.S.A.), Inc. ("KWEUSA"), in this matter. In our letter motion of December 27, 2024 (ECF Doc. 102), we reported on the state of compliance by the defendant, Dialectic Distribution LLC ("DDLLC") with a series of your Orders to provide discovery. We also proposed reporting further on this topic following the compliance deadline of January 18, 2025 established in your Order of December 4 (ECF Doc. 101). We do so at this time and renew our request for the Court's assistance in obtaining discovery not yet provided by DDLLC. Contrary to the assertion of DDLLC's counsel in his letter of January 21 (ECF Doc. 103) DDLLC has not fully complied and the issues raised in ECF 102 are not moot.

**Background**

*Prior Orders*

    Your Order entered June 28, 2024 (ECF Doc 74) directed Defendant to answer outstanding interrogatories and document requests.

    You conducted an in-person discovery conference before the Court on August 21 and issued oral Orders requiring DDLLC to provide discovery (transcript filed as ECF Doc. 85).

    Your Order of December 4, 2024 (ECF Doc. 101) granted KWEUSA's letter motions ECF Docs. 90 dated September 24, 2024, 92 dated September 24, 2024, and 94 dated September 30, 2024 and required compliance by January 18.

*Kennedy Lillis Schmidt & English*

January 24, 2025
Page 2

Hon. Jennifer E. Willis
United States District Court

---

*Discovery KWEUSA previously sought*

KWEUSA's reprised the discovery requests that are the subject of ECF Doc. 101 in its letter of July 30 (ECF Doc. 80-1). Those that remain unsatisfied are the following. For the sake of economy, we refer to outstanding items by the number of the paragraph in which they are discussed in ECF Doc. 80-1.

Items 2, 4 and 14: Depositions of DDLLC's former employees DeLorenzo and Hoenes, and interrogatories seeking contact data to enable service of deposition subpoenas.

Items 3 and 5: Depositions of Zeltzer and Green. See the discussion below concerning post-deposition document requests and responses.

Item 6: The First Request for Production seeks, inter alia, documents (a) received from US Customs or (b) the US FDA or (c) Defendant's designated Customhouse broker, (d) documents relating to the known relabeling/repackaging of goods performed by Defendant to enable some of the goods to be cleared through customs, and (e) documents relating to Defendant's own efforts to recovery the Duty and VAT paid on its behalf by KWE in Germany.

Item 7: The Second Request for Production seeks, inter alia, documents (a) evidencing communications complaining to KWEUSA about the adequacy and accuracy of its invoices to Defendant and the alleged use of improper currency exchange rates and (b) documents evidencing the alleged correct exchange rates.

Item 8: The Third Request refines the demand in the First Request seeking documents evidencing communication with Federal agencies concerning the goods Defendant sought to release into the US and the Defendant's determinations to proceed or not with actions required to permit the release of the goods into the US.

Item 12: The First Set of Interrogatories seeks a specification of the source of what DDLLC contends is the correct foreign currency exchange rate that KWEUSA should have used in invoicing the Defendant.

Item 13: The Second Set of Interrogatories seeks specifications of DDLLC's contentions concerning KWEUSA's alleged use of improper foreign currency exchange rates.

*Post-deposition Discovery KWEUSA sought based on testimony of DDLLC's Zeltzer and Green*

These items were discussed on page 3 of ECF Doc. 102 and itemized in ECF Doc. 102-1. KWEUSA called for the production of documents whose existence was either specifically acknowledged by the deponents or whose existence may be inferred from their testimony as to certain facts, including:

*Kennedy Lillis Schmidt & English*

Hon. Jennifer E. Willis
United States District Court

January 24, 2025
Page 3

---

    (i)    Operating agreement and related documentation of Dialectic Distribution LLC showing the owners/members of the Corporation as of November 18, 2021 (bearing on subject matter jurisdiction);

    (ii)    The "claim statement" detailing the elements and amounts of what Dialectic Distribution LLC contends that it is owed by the plaintiff;

    (iii)    All email messages in which Dialectic Distribution LLC communicated invoice discrepancies to the plaintiff and responses;

    (iv)    All documents regarding Dialectic Distribution LLC's litigation with Happy Yours;

    (v)    All documents supporting Dialectic Distribution LLC's assertion that since the plaintiff knew how to pay German Duty and VAT it should have known how to get it back.

    (vi)    All Customs Entry documents including entry summaries and FDA Notices of Action for masks shipped to Los Angeles and subsequently returned to Brillante and all masks supplied by Thinking Group shipped to Chicago and subsequently made subject to General Order and destroyed by US Customs and Border Protection;

    (vii)    All email from your client's CFO to the plaintiff concerning disputed charges;

    (viii)    All documents comprising the "notes" referred to by Mr. Green;

    (ix)    All documents concerning the retail valuation of $0.10 per mask.

**Status of Discovery Items**

    Items 2, 4 and 14: DDLLC served Answers to Interrogatories on January 21, 2025. KWEUSA served renewed notices to take DeLorenzo's and Hoenes' depositions and instructed process service to serve the subpoenas promptly. This morning, we were informed that one of the supplied addresses does not exist. We asked counsel to recheck and advise but have not had a response yet.

    Items 3, 5, and post-deposition items (i) – (ix): The depositions were conducted. Nothing was produced in response to items (i) – (iii), (v) – (ix). As to item (iv), DDLLC produced an April 11, 2022 letter in German addressed to the Bonn Regional Court in which DDLLC intervened in an action by Christian Bschorer against the FRG in which, presumably, Bschorer seeks to recover payment for masks delivered to the German military. In this letter, DDLLC represents that it had sold masks to Happy Yours UG that were "drop shipped" to the latter's customer, Bschorer. It further alleges that neither Happy Yours nor Bschorer had paid DDLLC. Production of the letter was incomplete (attachments were omitted) and the subsequent history of the intervention remains a mystery. In addition, DDLLC produced three email strings in which DDLLC pursued production

*Kennedy Lillis Schmidt & English*

January 24, 2025
Page 4

Hon. Jennifer E. Willis
United States District Court

---

of KWEUSA invoices. DDLLC has failed to produce its itemization of the sums it claims to be owed by KWEUSA, its communications protesting the charges assessed by KWEUSA, Mr. Green's notes concerning the exchange rates he used in computing what DDLLC contends were correct U.S. dollar conversions of the foreign charges for services rendered to DDLLC, or any documents concerning the origin and discussion of the 10¢/mask value that DDLLC internally ascribed to the counterfeit masks that, in its counterclaim, it states had a value of up to $4.00/mask.

Item 6 and 8: Importantly, nothing was produced in response to part 6(d) documents relating to the known relabeling/repackaging of goods performed by Defendant to enable some of the goods to be cleared through customs, and 6(e) documents relating to Defendant's own efforts to recover the Duty and VAT paid on its behalf by KWE in Germany (apart from the letter to the Bonn Regional Court). These items bear directly on the question of DDLLC's mitigation of damage and the value of masks it allowed to be destroyed in Chicago for which it seeks to hold KWEUSA liable. Neither were documents evidencing DDLLC's communications with Federal agencies concerning actions required to permit entry of the masks (which it performed in some instances), nor were documents evidencing the activities that DDLLC did undertake to obtain permission to enter the masks after some form of relabeling or reconditioning.

Items 7, 12 and 13: Nothing was provided to disclose the source and application of what DDLLC alleges were the "correct" foreign currency exchange rates that it contends KWEUSA should have applied despite Mr. Green's testimony about his "notes" concerning his review of currency conversions.

\* \* \*

Nearly all of the materials and information sought are the subject of multiple Orders dating back as far as June 28, 2024 (ECF Doc 74). KWEUSA requests a final preemptory Order requiring disclosures within 3 days of Hoenes' correct address and within 10 days of all other information and documents. KWEUSA further requests, in the case of materials and information not produced, an Order precluding any offer of testimony or other evidence on the subject of the materials and information not produced.

If you have any questions or desire any further information, we are at your disposal to respond. In the meantime, we thank the Court for its time and consideration.

Respectfully submitted,

KENNEDY LILLIS SCHMIDT & ENGLISH

By: *[signature]*

Charles E. Schmidt

*Kennedy Lillis Schmidt & English*

Hon. Jennifer E. Willis
United States District Court

January 24, 2025
Page 5

CES/

K:\6405_KWE(DIALECTIC)\6405_LTC29.DOCX

cc:    David Rubenstein, Esq
       *via ECF*