UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KINTETSU WORLD EXPRESS (U.S.A.), INC.,

                        Plaintiff,                        **ORDER**

                 -against-                       **21-CV-9579 (JHR) (JW)**

DIALECTIC DISTRIBUTION LLC,

                        Defendant.
-----------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On February 3, 2025, the Court held a discovery conference where Defendant's counsel agreed to investigate and follow up on the below-enumerated categories of discovery by February 17, 2025. A joint letter updating the Court on the status of production **is due February 21, 2025.** In the joint letter, the Court wants each of the enumerated items addressed with particularity. Defendant should address whether each item exists and will be produced, exists and Defendant objects to its production, or does not exist. With respect to any discovery request for emails, if Defendant claims the documents do not exist, the Court wants a detailed explanation of who was asked and where they searched for the emails in question.

The following items are recounted from Dkt. No. 102-1:

1. Operating agreement and related documentation of Dialectic Distribution LLC showing the owners/member of the Corporation as of November 18, 2021 (Page 8:24);
2. The "claim statement" detailing the elements and amounts of what Dialectic Distribution LLC contends that it is owed by the plaintiff (Pages 34:17 to 35:24);
3. All email messages in which Dialectic Distribution LLC communicated invoice discrepancies to plaintiff and responses (Page 59:13 to 59:16; 62:11 to 63:7);

4. All documents regarding Dialectic Distribution LLC's litigation with Happy Yours (Page 93:2 to 93:16);
5. All documents supporting Dialectic Distribution LLC's assertion that since the plaintiff knew how to pay German Duty and VAT it should have known how to get it back (Pages 93:18 to 94:14);
6. All Customs Entry documents including entry summaries, notices and FDA Notices of Action for masks shipped to Los Angeles and subsequently returned to Brillante (see, e.g., 34:9-17;) and all masks supplied by Thinking Group shipped to Chicago and subsequently made subject to General Order by US Customs and Border Protection (see 50:24 – 59:17);
7. All email from your client's CFO to the plaintiff concerning disputed charges (see 81:11-19);
8. All documents comprising the "notes" referred to by Mr. Green at 86:25 – 87:8 and 89:10–90:4;
9. All documents concerning the retail valuation of $0.10 per mask to which Mr. Green testified at 103:3-21;

The following items are recounted from Dkt. No. 104:

10. Item 6 (d): documents relating to the known relabeling/repackaging of goods performed by Defendant to enable some of the goods to be cleared through customs;
11. Item 6 (e): documents relating to Defendant's own efforts to recovery the Duty and VAT paid on its behalf by KWE in Germany;
12. Item 7: The Second Request for Production seeks, inter alia, documents (a) evidencing communications complaining to KWEUSA about the adequacy and accuracy of its invoices to Defendant and the alleged use of improper currency exchange rates and (b) documents evidencing the alleged correct exchange rates;
13. Item 8: The Third Request refines the demand in the First Request seeking documents evidencing communication with Federal agencies concerning the goods Defendant sought to release into the US and the Defendant's determinations to proceed or not with actions required to permit the release of the goods into the US;

SO ORDERED.

DATED:   New York, New York
         February 3, 2025

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge