UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KINTETSU WORLD EXPRESS (U.S.A.), INC.,

                Plaintiff,                      **ORDER**

       -against-                     **21-CV-9579 (JHR) (JW)**

DIALECTIC DISTRIBUTION LLC,

                Defendant.
-----------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of Defendant's letter motions to quash the subpoenas of two non-party witnesses and requesting an extension to comply with the Court's February 3, 2025 order. Dkt. Nos. 108, 110. The Court is also in receipt of Plaintiff's opposition to both letter motions. Dkt. Nos. 109, 111. The Court addresses each letter motion in turn.

On January 24, 2025, Plaintiff served a deposition subpoena on non-party witness Jennifer DeLorenzo. Dkt. No. 109. Shortly thereafter on January 29th, Plaintiffs served a similar deposition subpoena on non-party witness Mark Hoenes. Id. On February 18, 2025, Defendant filed a letter motion requesting this Court quash the deposition subpoenas served on Ms. Lorenzo and Mr. Hoenes. Dkt. No. 108. Defendant argues that the subpoenas lack specificity, failed to explain their necessity, and imposed an undue travel burden on the non-party witnesses. Id.

Plaintiff counters that Defendants motion is untimely given it was filed more than a year after Defendant knew of Plaintiff's intent to depose the witnesses, on the eve of the depositions scheduled dates, and weeks after service was made. Dkt. No.

109. Plaintiff also argues that the subpoenas "fully comply with Rule 45" and Defendant lacks the authority to move to quash them on behalf of non-party witnesses. Id. Plaintiff then argues that the burden of showing any undue burden caused by a subpoena is on the movant, not the party issuing the subpoena, and the non-party witnesses have made no such claim. Id. Plaintiff notes that, contrary to Defendant's argued travel burden, the non-party witnesses live 18 and 22 miles from the place where the depositions are set to take place—well within the 100-mile limit of FRCP 45(c)(1)(A). Id. Lastly, Plaintiff requests that this Court sanction the Defendant for the repeated attempts to delay this case. Id.

Defendant's letter motion to quash the deposition subpoenas of the non-party witnesses is **DENIED**. Defendant has provided this Court with no caselaw that would support his ability to quash a subpoena on behalf of a non-party witness. Moreover, assuming *arguendo* it did, Defendant has been aware of Plaintiff's desire to depose the now former employees of the Defendant for more than a year. Thus, Defendants sudden objection is not just unsupported, but also untimely. See Dkt. No. 109.

On February 19, 2025, Defendant filed a letter motion to extend the time to comply with this Court order that Defendant investigate and follow up on the enumerated categories of discovery discussed at the February 3, 2025 conference. Dkt. No. 110. Defendant requested a three-day extension from February 18, 2025 to February 21, 2025 in light of a family medical emergency. Id. Plaintiff, after

expressing its sympathy, opposed the request in consideration of Defendant's history of non-performance of its discovery obligations in this case. Dkt. No. 111.

This Court is also deeply sympathetic to the unforeseen issues encountered by Defendant's counsel and his family. However, this Court finds counsel for Defendant's request for an extension to be wholly incredible. Defendant notably filed the above-discussed letter motion to quash on the date Defendant's separate discovery obligations were due. See Dkt. No. 108. If counsel for Defendant had time to file a motion on behalf of non-parties he does not represent, he surely had time to comply with his actual client's discovery obligations. This Court also notes that counsel for Defendant has missed several previous deadlines in this matter. Therefore, Defendant's letter motion for an extension is **DENIED**. Defendant is ordered to comply with the Court's February 3rd order **by February 20, 2025, at 7:00 PM.** Should Defendant fail to comply, this Court will entertain a motion for sanctions. If Plaintiff is later permitted to file for sanctions in compliance with this Order, such a motion should describe in detail any fees associated with the motions on which the requested sanctions are based upon.

SO ORDERED.

DATED:   New York, New York
         February 20, 2025

_____
JENNIFER E. WILLIS
United States Magistrate Judge