**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
KINTETSU WORLD EXPRESS (U.S.A.), INC.,

                Plaintiff,                    **ORDER**

               -against-                    **21-CV-9579 (JHR) (JW)**

DIALECTIC DISTRIBUTION LLC,

                Defendant.
-----------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On November 11, 2024, Plaintiff filed a letter informing the Court that Defendant's counsel instructed a deposition witness not to answer questions regarding specific documents. Dkt. No. 98. Plaintiff's letter requests this Court to order Defendant "to submit to a further deposition limited to examination concerning [those] documents." Id. Plaintiff's letter also seeks to seal the referenced documents based on the Parties' protective order. Id. Defendant did not file a response to Plaintiff's letter.

On March 3, 2025, this Court ordered the Parties to, amongst other things, file a joint letter informing the Court of whether Dkt. No. 98 was resolved. Dkt. No. 116. On March 10, 2025, the Parties filed their joint letter. Dkt. No. 118. Plaintiff informed the Court that the issue outlined in Dkt. No. 98 remained outstanding. Id. Defendant responded that it was unaware Dkt. No. 98 remained outstanding because Plaintiff failed to raise that issue at the February 3, 2025 conference. Id. Defendant stated, "should the Court entertain Plaintiff's desire to seek a determination, then

Defendant respectfully requests leave to submit opposition in light of all the discovery that has since been taken via deposition and produced." Id.

On April 10, 2025, this Court issued an order directing the Parties to, amongst other things, meet and confer regarding Dkt. No. 98 and file a joint letter informing the Court of whether it was resolved. Dkt. No. 120. The Order also stated that "[s]hould the joint letter inform this Court that Dkt. No. 98 could not be solved, Defendant may file a 3-page letter response **by April 22, 2025**." Id. After being granted an extension, the Parties filed a joint letter on April 22, 2025. Dkt. No. 123. The joint letter informed the Court that Dkt. No. 98 remained unresolved and proposed an expert discovery schedule containing several dates contingent upon this Court's ruling on Dkt. No. 98. Id. To date, Defendant has not filed a letter response to Dkt. No. 98 as it requested, and this Court ordered. Accordingly, Dkt. No. 98 is **GRANTED in part and DENIED in part**.

Regarding Plaintiff's request for an additional deposition on the referenced documents, that request is **GRANTED** as unopposed. The Parties are ordered to file a joint status letter **by August 25, 2025**, informing the Court of the date of the scheduled deposition. Regarding the request to seal, Plaintiff seeks to seal solely based on the Parties' protective order and fails to cite to the appropriate standard for sealing documents in this Circuit. Such broad references to a protective order are insufficient to warrant sealing. See Armouth Int'l, Inc. v. Fallas, No. 19-CV-3669 (RA) (VF), 2023 WL 2975154, at *1 (S.D.N.Y. Mar. 31, 2023) (collecting cases); see also House of Eur. Funding I Ltd. v. Wells Fargo Bank, N.A., No. 13-CV-519 (RJS),

2016 WL 11950329, at *1 (S.D.N.Y. June 9, 2016). Therefore, that request is **DENIED** without prejudice. The August 25th joint letter should also propose a new expert discovery schedule.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 98, 112.**

SO ORDERED.

DATED:   New York, New York
         August 11, 2025

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge